Lawrence D. Rouse, Esq.  ECF Filed 03/02/09
Nevada Bar No. 004369
LAWRENCE D. ROUSE, LTD
523 South Eighth Street
Las Vegas, Nevada 89101
(702) 387-1800
rouselaw@aol.com
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| In the matter of: | ) | Case No. BK-S 08-19435BAM |
| | ) | Chapter 13 |
| EDGAR M. BALAGTAS | ) | |
| FLORIAN R. BALAGTAS | ) | Date: 04/02/09 |
| | ) | Time: 3:30 p.m. |
| Debtor(s) | ) | |
| | ) | Trustee: Kathleen A. Leavitt |

### MOTION TO VALUE COLLATERAL, "STRIP OFF" AND MODIFY RIGHTS OF COUNTRYWIDE PURSUANT TO 11 U.S.C. SECTIONS 506(a) AND 1322

COME NOW, debtors, Edgar M. Balagtas and Florian R. Balagtas (hereinafter the "debtor's"), by and through counsel, and hereby moves this Court to modify the rights of Countrywide, (the "creditor") pursuant to 11 U.S.C. Section 506(a) and Section 1322, and Bankruptcy Rules 3012 and 9014.

In support of this motion, debtor states:

1. Debtors filed the above-referenced Chapter 13, bankruptcy case on August 21, 2008.

2. On the petition date, the debtor owned real property located at 3820 Marsh Sparrow Lane, North Las Vegas, NV 89084 (the "subject property").

3. The legal description and assessor's parcel number of the subject property is:

> Lot 54 in Block 1 of Club Aliante, Unit 1 Phase 2 as shown by map thereof on file in Book 116 of Plats, Page 84 in the Office of the County Recorder of Clark County, Nevada and amended by that certain Certificate of Amendment recorded June 2004 in Book 20040603 as Instrument No. 01247 of Official Records.
>
> Parcel No. 124-18-712-029

4. The fair market value of the subject property is $390,000.00. Reference Appraisal Estimate attached hereto as Exhibit "A".

5. At the time of the filing of debtor's petition, the subject property was subjected to the following liens:

> Regions Bank (first deed of trust) $567,255.57. Reference Proof of Claim #10-1 filed 10/21/08 attached hereto as Exhibit "B".
>
> Countrywide Home Loans (second deed of trust, loan) $68,051.56. Reference Proof of Claim #3-1 filed 09/08/08 attached hereto as Exhibit "C".

On the date the above-stated bankruptcy was filed, no equity existed in the subject property above the amount of the claim of above-stated first trust deed holder.

6. On the date the above-stated bankruptcy was filed, the claim of the creditor was wholly unsecured, and if the subject property was sold at auction that party would receive nothing.

7. Accordingly, the debtor requests this court find that the claim of the creditor is unsecured and should be reclassified as a general unsecured claim to receive pro rata distribution with other general unsecured creditors through the debtor's Chapter 13 plan.

## LEGAL ARGUMENT

In *In re Zimmer*, 313 F.3d 1220 (9th Cir. 2002), the Court stated that a wholly unsecured lien holder's claim can be modified and reclassified as a general unsecured claim pursuant to 11 U.S.C. Section 506 (1), despite the anti-modification language in Section 1322(b)(2). Specifically, the Court held:

> "Section 506(a) divides creditor's claims into "secured…claims" and "unsecured claims. "Although the conventional interpretation of "secured" might include any claim in which the creditor has a security interest in the debtor's property, Section 506(a) makes clear that the status of a claim depends on the valuation of the property. An allowed claim of a creditor secured by a lien on property in which the estate has an interest… is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property… and is an unsecured claim to the extent that the value of such creditor's interest… is less than the amount of such allowed claim."

To put more simply, a claim such as a mortgage is not a "secured claim" to the extent that it exceeds the value of the property that secures it. Under the Bankruptcy Code, "secured claim" is a term of art and not every claim that is secured by a lien on property will be considered a "secured claim".

In this case it is clear that the creditor's claim for the repayment is an unsecured claim because it's…deed of trust is junior to the first deed of trust, and the value of the loan secured by the first deed of trust is greater than the value of the subject property.

Since the creditor's claim is wholly unsecured (in that there is no equity above amount o of the deed of trust lien first mortgage on the subject property), the debtor request this Court reclassify the creditor's claim to that of a general unsecured creditor, to be paid pro rata with like unsecured creditors. Additionally, Debtor requests this Court strip the creditor of its secured rights under state law since no maintainable security interest in the subject property exists.

The debtors additionally request that, upon Court approval, and upon recordation of the order granting this motion in the Office of the County Recorder of Clark County, Nevada that the lien of the creditor shall be deemed to be canceled and expunged from the public record.

Finally, Debtors are not required to file an adversary proceeding to achieve the requested relief herein. Debtors may bring a motion "strip off" the creditor's consensual lien by motion.

> See *In re Williams*, 166 B.R. 615 (Bankr. E.D. Va.1994), *In re Fuller*, 255 B.R. 300 (Bankr.W.D.Mich. 2000), *In re Hoskins* 262 B.R.693(Bakr. E.D. Mich. 2001), *In re King*, 290 B.R. 641 (Bankr. C.D.Ill. 2003), *In re Millspaugh*, 302 B.R.90 (Bakn.D. Idahp2003), *Dickey v. Ben.Fin (In re Dickey)* 293 B.R. 360 (Bank. M.D.Pa.2003), *In re Hill* 304 B.R.800 (Bankr. S.D. Ohio2003), *In re Sadala* 294 B.R. 180 (Bankr.M.D.Fla2003), *In re Fisher*, 289 B.R. 544 (BakrW.D.N.Y.2003), *In re Robert*, 313 B.R. 843 (Bankr.W.D.Ky.2004).

Wherefore, Debtors prays this Court:

1. "Strip off" and extinguish the wholly unsecured lien of Countrywide Home Loan's second trust deed pursuant to 11 U.S.C. Section 506(a);

2. Reclassify creditor's claim as general unsecured claim to be paid pro rata with claims of other general unsecured creditors through Debtor's Chapter 13 plan;

3. Order that, upon recordation of a copy of the order granting this motion in the Office of the County Recorder of Clark County, Nevada, the lien of Countrywide Home Loan's Mortgage (second trust deed) shall be deemed to be canceled and expunged from the public record.

4. For such other relief the Court finds appropriate.

Dated: March 2, 2009.

                        Respectfully Submitted:

                        By: /s/Lawrence D. Rouse, Esq.
                           LAWRENCE D. ROUSE, ESQ.
                           Attorney for Debtors