Lawrence D. Rouse, Esq.                                e filed on 12/28/2009
Nevada Bar No. 004369
LAWRENCE D. ROUSE, LTD.
523 South Eighth Street
Las Vegas, Nevada 89101
(702) 387-1800
Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| In the matter of: | ) | Case No. BK-S-08-19435-BAM |
|---|---|---|
|  | ) | Chapter 13 |
| EDGAR M. BALAGTAS | ) |  |
| FLORIAN R. BALAGTAS | ) |  |
|  | ) | Date:  1/26/2010 |
| Debtor(s) | ) | Time:  1:30 p.m. |
|  | ) |  |

**DEBTOR'S REPLY TO MOTION FOR RELIEF FROM AUTOMATIC
STAY AND REQUEST FOR HEARING**

Comes the above-stated debtor, by and through counsel, and in reply to the above-referenced motion for lifting of the automatic stay, states that the motion for lift of stay should be denied, and that the automatic stay be continued against REGIONS MOIRTGAGE, ("secured creditor") and all other creditors herein. The debtor requests that a hearing be held at the above-stated date and time. In support thereof, the debtor relies on the below-stated points and authorities.

POINTS AND AUTHORITIES

1. The debtor is the owner of the real property commonly known 3820 Marsh Sparrow Lane, North Las Vegas, Nevada 89084 (the "residence"). The debtors occupy the property as debtor's residence. The disruption and expenses of a forced move, along with possibly higher housing costs, would easily have enough disruptive potential to prevent the success of debtor's Chapter 13 plan. The residence is, therefore, clearly necessary to debtor's plan of reorganization. 11 U.S.C. §362(d)(2)(B).

2. The secured creditor holds a security interest by way of a deed of trust on the debtor's residence. Prepetition arrearages on the deed of trust are provided for, with interest, in the debtor's Chapter 13 plan. The debtor's Chapter 13 plan also provides for direct payment of postpetition installments on the loan to secured creditor. The plan payments and direct postpetition payments provide adequate protection of secured creditor's interest in the residence. 11 U.S.C. §§361(1) and 362(d)(1).

3. Counsel for the debtor has requested that debtor obtain the records of postpetition payment, but these are not yet in possession of counsel. Counsel for debtor intends to review such records upon receipt, and believes there may be evidence contradicting secured creditor's allegations, but is presently without sufficient information to specifically reply to secured creditor's allegations of nonpayment, and so secured creditor's allegations are denied.

4. Alternatively, in the event that any postpetition direct payments have not been made, debtor believes that any such arrearage can be cured within a reasonable time by way of an adequate protection order specifying a repayment schedule and, in the event that a postpetition arrearage is determined to exist, debtor requests that the Court grant debtor an opportunity to cure such arrearage. In the event that the Court enters an adequate protection order, debtor requests that the secured creditor be directed to include in the order the name and address of the party to whom to submit regular and adequate protection payments, that the Court not alter the normal grace period for the regular postpetition payments, and that the Court provide a 15 day period for notice of any breach by the secured creditor under any adequate protection order.

WHEREFORE the debtor respectfully demands that the above-referenced motion to lift the automatic stay be denied; that the Court continue the automatic stay against all creditors; that, in the event of a breach by debtor that the Court permit debtor to cure the arrearage under an adequate protection order containing the provisions and informational statements specified above; and that the Court grant all appropriate relief to which the debtor may appear entitled.

<table>
<tr><td>12/28/2009<br>Date</td><td>s/sLawrence D. Rouse, Esq.<br>Lawrence D. Rouse, Esq.<br>Attorney for Debtor(s)</td></tr>
</table>

3

# * * SECTION 362 INFORMATION SHEET * *

Edgar M. Balagtas and Florian R. Balagtas                           08-19435

DEBTOR                                           BANKRUPTCY NO.          MOTION NO.

Regions Mortgage                CHAPTER: 13
MOVANT

PROPERTY INVOLVED IN THIS MOTION:   3820 Marsh Sparrow Lane, North Las Vegas, NV 89084

NOTICE SERVED ON:   Debtor(s) __X__ ;  Debtor(s)' counsel __X__ ;  Trustee __X__
DATE OF SERVICE:

| MOVING PARTY'S CONTENTIONS: | DEBTOR'S CONTENTIONS: |
|---|---|
| The EXTENT and PRIORITY of LIENS: | The EXTENT and PRIORITY of LIENS: |
| 1st  $ 533,711.99 Regions Mortgage | 1st |
| 2nd  65,526.00 Countrywide Home Lending | 2nd |
| 3rd | 3rd |
| 4th | 4th |
| Other | Other |
| Total Encumbrances: | Total Encumbrances: |
| APPRAISAL or OPINION as to VALUE: Per attached schedule "A" $320,000.00 | APPRAISAL or OPINION as to VALUE |
| **TERMS OF MOVANT'S CONTRACT WITH THE DEBTOR:** | **OFFER OF "ADEQUATE PROTECTION" FOR MOVANT:** |
| Amount of Note:   $ 533,712.00<br>Interest Rate:    6.0<br>Duration:    30 year<br>Payment Per Month:   $ 3,364.19<br>Date of Default:   1/1/2010<br>Amount of Arrears:   $ 12,867.54<br>Date of Notice of Default: | Prepetition arrearages cured through Chapter 13 plan.<br>Postpetition arrearages cured through APO. |
| SPECIAL CIRCUMSTANCES: | SPECIAL CIRCUMSTANCES:<br>Debtor's residence, necessary for effective reorganization. |
| SUBMITTED BY: | SUBMITTED BY: Lawrence D. Rouse, Esq. |
| SIGNATURE: | SIGNATURE: /s/ Lawrence D. Rouse |